**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

October 31, 2025

**BY ECF**
Honorable Andrew L. Carter
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   **United States v. Carlos Rivas,**
      **25 Cr. 418 (ALC)**

Dear Judge Carter,

    I write to request dismissal with prejudice—or, in the alternative, without prejudice—of the above-captioned case. I have conferred with counsel for the government about this motion; as of the time of this filing, the government has not taken a position on dismissal.

    The procedural history of this matter is as follows: On July 30, 2025, Mr. Rivas was charged by criminal complaint with one count of Possession of Child Pornography, a violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2), and 2. ECF No. 1. On August 6, 2025, Mr. Rivas was presented before the Honorable Robert W. Lehrburger. ECF No. 4. A detention hearing was held, and Judge Lehrburger released Mr. Rivas on conditions of bond. *Id.* Rather than being released to the community, however, Mr. Rivas was rolled over to the custody of Immigration and Customs Enforcement (ICE). Mr. Rivas was later indicted. ECF Nos. 8, 9 (Indictment dated September 16, 2025). To date, he has not been arraigned.

    Between August 6, 2025 and October 3, 2025, Mr. Rivas was detained in various immigration detention centers in New York, New Jersey, and Louisiana. The government informed me on October 9, 2025, that Mr. Rivas was deported from the United States to El Salvador on October 3, 2025.

This case should now be dismissed. Though the Second Circuit has yet to address this precise set of facts,[1] district courts have long recognized that where an individual is deported to another country, dismissal of the criminal action is appropriate, as the defendant is deprived of his Sixth Amendment right to consult with counsel and to defend the charge against him. *See, e.g.*, *United States v. Balde*, No. 1:25-cr-00294-JLR, 2025 WL 2476710, at *2 (S.D.N.Y. Aug. 28, 2025) ("[T]he parties agree, and this Court finds, that dismissal of this action is appropriate given Defendant's deportation to Guinea-Bissau."); *United States v. Lutz*, No. 19-cr-00692, 2019 WL 5892827, at *5 (D. Ariz. Nov. 12, 2019) (dismissing case with prejudice where ICE's removal of the defendant "interfer[ed] with defendant's Sixth Amendment right to consult with counsel, to review the evidence against him, and to prepare a defense to the charge" (quotations omitted)); *United States v. Bojorquez*, No. cr-23-00660-001-TUC-RM (MSA), 2023 WL 6391050, at *2 (D. Ariz. Oct. 2, 2023) ("The Court finds that Defendant's inability to consult with counsel—and his unavailability to face the charges against him—directly results from the Executive Branch's decision to deport him and warrants dismissal of the indictment pursuant to the Court's supervisory powers.").

Due to his deportation, Mr. Rivas is unavailable for trial. He lacks legal status in the United States and therefore cannot voluntarily return for trial. Counsel is unaware of his whereabouts in El Salvador and cannot consult with him. Mr. Rivas' deportation has thus "interfered with [his] Sixth Amendment right to 'consult with counsel, to review the evidence against him, and to prepare a defense to the charge[s]." *Balde*, 2025 WL at *2 (quoting *Lutz*, 2019 WL at *5). The Constitution does not permit the government to deport a defendant, then turn to

---

[1] In *United States v. Lett*, the Second Circuit Court of Appeals reversed a district court dismissal of a criminal case where the defendant was released under the Bail Reform Act (BRA), but subsequently detained by ICE under the Immigration and Nationality Act (INA). 944 F.3d 467, 470 (2d Cir. 2019). The Court held that ICE may lawfully detain a criminal defendant who is ordered released under the BRA pursuant to its authority under the INA. *Id.* But crucially, *Lett* did not suggest that the government may maintain a prosecution after the defendant has been deported. And in *United States v. Ventura*, the Second Circuit noted that pretextual immigration detention might function as an exception to *Lett*, if sufficient showing is made that the ICE detention occurred "simply to hold the defendant pending criminal trial; or where the logistics involved in the immigration detention make it difficult to afford defendants the rights to which they are entitled in criminal cases." 96 F.4th 496, 502 (2d Cir. 2024). *Ventura*, then, contemplated that dismissal of a criminal indictment may be appropriate where the immigration process has interfered (as it has here) with the defendant's constitutional rights in the criminal matter.

defense counsel and tell her to continue preparing for trial in her client's absence. Dismissal is proper.[2]

But this Court should not stop at mere dismissal; it should bar re-prosecution of this matter altogether. Dismissal with prejudice is appropriate because the government alone caused Mr. Rivas' unavailability and resulting constitutional injury. *See United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015) ("If the government, by . . . removing [the defendant], jeopardizes the district court's ability to try him, then the district court may craft an appropriate remedy."); *see also United States v. Rosenberg*, 108 F. Supp. 2d 191, 206 (S.D.N.Y. 2000) (stating that courts can consider "the motivations of the prosecutor, the effects of dismissal, including whether the dismissal is with or without prejudice, on the defendant, and the public interest, more generally").

Mr. Rivas had hoped to remain in the United States with his family. A magistrate judge determined that he could be safely released to the community and trusted to return for future court appearances in this matter. But instead, after Mr. Rivas was granted bail, the same government that initiated his prosecution opted to deport him from the country. This despite the host of tools at the government's disposal to stay the removal proceedings against Mr. Rivas: the government made no efforts to administratively stay his removal, seek his release from ICE custody, or (to defense counsel's knowledge) obtain a writ of habeas corpus *ad prosequendum* to make him available for future criminal proceedings. Simply put, "[t]he problem in this case lies not with any action attributable to Defendant but instead with the fact 'that two Article II agencies will not coordinate their respective efforts.'" *Lutz*, 2019 WL at *5 (quoting *United States v. Barrera-Omana*, 638 F. Supp. 2d 1108, 1111-12 (D. Minn. July 23, 2009)). The result is constitutional injury to Mr. Rivas and the waste of judicial and defense resources. Under such circumstances, courts across the country have dismissed indictments with prejudice.[3] This Court should do the same.

---

[2] Though it has not done so here, the government frequently moves for dismissal under Federal Rule of Criminal Procedure 48(a) under such circumstances. *See, e.g.*, *Balde*, 2025 WL at *2; *United States v. Wandis Cleia Guimaraes*, No. 1:25-cr-10129-JEK, 2025 WL 1899046 (D. Mass. July 9, 2025).

[3] *See, e.g.*, *Lutz*, 2019 WL at *5 (dismissing with prejudice "to remedy the ongoing violation of Defendant's Sixth Amendment rights," "to promote respect for the BRA and to deter ICE and the U.S. Attorney's Office from continuing to engage in turf battles in lieu of inter-agency cooperation"); *United States v. Coronado-Vejar*, No. 19-cr-01962-001-TUC-RM (BGM), 2020 WL 2782502, *3 (D. Ariz. May 29, 2020) (dismissing with prejudice because "the Government has violated Defendant's Sixth

Sincerely,

/s/ *Joy Chen*

Joy Chen
Assistant Federal Defender
Attorney for Carlos Rivas
D: 212-417-8723
C: 917-842-5074

CC: Rita Maxwell, AUSA

---

Amendment right to counsel by deporting him during the pendency of his criminal proceedings, and no lesser remedial action can remedy the violation"); *Guimaraes*, 2025 WL at *1, 6 (D. Mass. July 9, 2025) (dismissing with prejudice because ICE refused to make the defendant available for her arraignment, detained her in a state far from counsel, and deported her to Brazil prior to arraignment).